J-S49010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :          PENNSYLVANIA
      :
v.      :
      :
      :
ADRIAN L. COLLINS      :
      :
Appellant      :   No. 438 MDA 2018

Appeal from the PCRA Order February 8, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002052-2012

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:         **FILED DECEMBER 24, 2018**

Appellant, Adrian L. Collins, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the history of this case as follows.  On March 11, 2012, at approximately 11:00 a.m., Appellant shot Atlas Simpson ("the victim"), who was on his shift as a taxi-van driver, in the back of the head and subsequently robbed the victim.  There were multiple people inside of the van when Appellant shot the victim.  Several of the van's occupants identified Appellant as being seated directly behind the victim at the time of the shooting.  Witnesses also indicated that Appellant was holding a silver handgun immediately after the shot was fired.

_____

* Former Justice specially assigned to the Superior Court.

Appellant was arrested and charged with various crimes related to the incident. On April 5, 2013, a jury convicted Appellant of first-degree murder, second-degree murder, robbery, and carrying a firearm without a license.[1] That same day, Appellant was sentenced to serve a term of life imprisonment for the first-degree murder conviction, a consecutive sentence of seven to fourteen years for the conviction of robbery, and a consecutive sentence of one to two years for the crime of carrying a firearm without a license.[2] Appellant did not file post-sentence motions. Appellant took a timely appeal, and on February 21, 2014, this Court affirmed his judgment of sentence. *Commonwealth v. Collins*, 97 A.3d 810, 795 MDA 2013 (Pa. Super. 2014) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on August 20, 2014. *Commonwealth v. Collins*, 97 A.3d 742 (Pa. 2014).

Appellant timely filed a *pro se* PCRA petition on November 16, 2015. The PCRA court appointed counsel, who filed a supplemental PCRA petition on May 10, 2016. On August 31, 2016, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On February 8, 2018, the PCRA court entered an order denying Appellant's PCRA petition.

---

[1] 18 Pa.C.S. §§ 2502(a), 2502(b), 3701, and 6106, respectively.

[2] For the purpose of sentencing, Appellant's conviction of second-degree murder merged with the first-degree murder conviction.

- 2 -

This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether Trial Counsel was ineffective for failing to request to suppress the identification by a Commonwealth witness?

2. Whether Trial Counsel was ineffective for failing to call an expert witness on behalf of the Appellant?

3. Whether Trial Counsel was ineffective for failing to object to inflammatory photographs?

4. Whether Trial Counsel was ineffective for failing to request a proper jury instruction relating to the intoxicated condition of the Commonwealth witnesses?

5. Whether Trial Counsel was ineffective for failing to request proper jury instructions regarding the incentives of the Commonwealth witnesses, and failed to properly cross-examine these witnesses regarding their incentives?

6. Whether Trial Counsel was ineffective for failing to cross-examine the Commonwealth witness why his prints were on the ammunition tray?

7. Whether Trial Counsel was ineffective for failing to argue evidence of the caliber gun that was used in the homicide?

8. Whether there was prosecutorial misconduct?

Appellant's Brief at 8-9.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of

record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant's first seven issues challenge the effective assistance of his trial counsel. Our Supreme Court has long stated that, in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not

whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

Further, it is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

We also observe that claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 856 A.2d 806, 812 (Pa. 2004). "[A]n underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001). In addition, we note that where an appellant is not entitled to relief with regard to the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. ***Commonwealth v. Ousley***, 21 A.3d 1238, 1246 (Pa. Super. 2011).

Appellant first argues that trial counsel was ineffective for failing to seek suppression of a witness's identification of Appellant. Appellant's Brief at 14-16. Specifically, Appellant asserts that the identification testimony of witness Eui Noh should have been suppressed because his recognition of Appellant stemmed from seeing Appellant at the preliminary hearing. ***Id***. at 14. Appellant believes that this resulted in an impermissibly suggestive identification.

In addressing whether there is merit to Appellant's underlying claim of error, we are mindful of the following:

In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. . . . Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors.

*Commonwealth v. Moye*, 836 A.2d 973, 976 (Pa. Super. 2003)

In determining that this issue lacks merit, the PCRA court offered the following apt analysis, which we adopt as our own:

[Appellant's] bald assertion that the witness seeing him at the preliminary hearing was the only reason [the witness] identified [Appellant] at trial is insufficient to warrant relief on grounds of ineffectiveness. Suggestiveness, alone, will not warrant suppression of identification testimony. Further, there is no evidence in the record that the witness was uncertain whether [Appellant] was the man he witnessed, nor is there any question of the witness's ability to view [Appellant] at the time in question. Finally, aside from a general allegation, [Appellant] makes no argument that he was prejudiced by the inclusion of the identification testimony. There were several witnesses to the shooting, as well as security camera footage from a nearby business. Even without the identification in question, it is unlikely that there would have been a different result. Therefore, [Appellant's] claim lacks merit.

PCRA Court Opinion, 8/31/16, at 3-4.

Appellant next argues that trial counsel was ineffective for failing to call an expert witness. Appellant's Brief at 17-18. Appellant claims that trial counsel should have called an expert in handwriting analysis to testify

regarding letters written by Appellant. *Id* at 17. Also, Appellant asserts that trial counsel should have called an expert witness to testify regarding Appellant's position in the van and whether Appellant could have fired the fatal gunshot. *Id*. at 18.

Regarding a claim of trial counsel ineffective assistance for failure to call an expert witness, this Court has stated the following:

> In order to demonstrate counsel's ineffectiveness for failure to call a witness, a petitioner must prove that "the witness existed, the witness was ready and willing to testify, and the absence of the witness' testimony prejudiced petitioner and denied him a fair trial." [*Commonwealth v.*] *Johnson*, 27 A.3d [244,] 247 [(Pa. Super. 2011)] (internal citation omitted). In particular, when challenging trial counsel's failure to produce expert testimony, "the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Bryant*, 579 Pa. 119, 855 A.2d 726, 745 (Pa. 2004) (internal citation omitted).

*Commonwealth v. Luster*, 71 A.3d 1029, 1047 (Pa. Super. 2013).

Our review of the record reflects that Appellant failed to identify any expert witness or provide an affidavit that the alleged expert was available to testify on Appellant's behalf. Lacking such evidence of an available witness, the PCRA court had no reason to believe that any expert would have testified in the manner that Appellant alleges. Thus, we discern no error on the part of the PCRA court in declining to grant Appellant relief on this ineffective assistance of counsel claim.

In his third issue, Appellant argues that trial counsel was ineffective with regard to the admission of inflammatory photographs of the crime scene.

Appellant's Brief at 18-21. Appellant contends that trial counsel was ineffective for failing to object to the admissibility of the photographs and for failing to request a jury instruction regarding inflammatory photographs. *Id*.

Before we address Appellant's claim, we must consider whether the issue is waived. An appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) (holding the appellant waived a challenge to the admissibility of an autopsy photograph where he failed to include the photograph at issue in the certified record).

Specifically, we are mindful of the following:

> Moreover, "it is Appellant's responsibility to ensure that this Court has the complete record necessary to properly review a claim." *Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016) (internal quotation marks and citation omitted).

> In *Commonwealth v. Petroll*, 696 A.2d 817 (Pa. Super. 1997), *aff'd*, 558 Pa. 565, 738 A.2d 993 (Pa. 1999), the defendant argued that the trial court erred by failing to sustain his objection to the admission of photographs. This Court found the issue waived because of the defendant's failure to ensure the photographs were included in the certified record. *See id*. at 836. Similarly, in *Commonwealth v. Lassen*, 659 A.2d 999 (Pa. Super. 1995), *abrogated on other grounds*, *Commonwealth v. Stultz*, 114 A.3d 865, 882 (Pa. Super. 2015), the defendant argued that the trial court erred by admitting photographs of the victim's injuries. This Court found the issue waived because the defendant failed to include the photographs in the certified record. *See id*. at 1008. "In this case, Appellant has failed to provide the necessary [photographs] for review. Because our review of the issue is dependent upon materials that are not provided in the certified record, we cannot consider this claim. Thus, this claim is waived." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa. Super. 2009), *appeal denied*, 985 A.2d 219 (Pa. 2009).

*Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016).

Our review of the certified record reflects that the Commonwealth admitted multiple photographs into evidence at Appellant's trial. *See* N.T., 3/29/13-4/5/13, at 4-5 (index to exhibits). However, none of the photographs admitted at trial are included in the certified record for transmittal to this Court. Therefore, Appellant failed to ensure that the complete record is before this Court for review. Accordingly, because we cannot review the allegedly inflammatory photographs presented by the Commonwealth, our review of the issue of whether trial counsel was ineffective with regard to the photographs is hampered. Hence, we are constrained to deem this issue to be waived on appeal. *Kennedy*, 151 A.3d at 1127.

Appellant next argues that trial counsel was ineffective for failing to request a jury instruction relating to the intoxicated state of several Commonwealth witnesses. Appellant's Brief at 21-23. Essentially, Appellant contends that, because there was testimony indicating that several of the witnesses who were present in the van had used drugs and alcohol the night before the murder, an instruction concerning the credibility of intoxicated witnesses was appropriate.

It is undisputed that a trial court has wide discretion in fashioning jury instructions. *Commonwealth v. Brown*, 911 A.2d 576, 583 (Pa. Super. 2009). Furthermore, our Supreme Court has held that "[t]here is no

ineffectiveness  of counsel for failing to request an unwarranted [jury] instruction." *Commonwealth v. Ragan*, 743 A.2d 390, 397 (Pa. 1999).

As Appellant indicates in his brief,

"Rashon Burston testified that he was drunk, smoked weed, and smoked dippers. (N.T., p. 366). Videl Little indicated that he was high on dippers (N.T., p. 403-404), and drunk (N.T., p. 411-412), and he used to get high every day (N.T., p. 419). Eric Bostic admitted that he was high and drunk (N.T., p. 460), and Danielle Chavious was high on dippers (N.T., p. 665)."

Appellant's Brief at 22. Specifically, the above-cited testimony was in relation to the witnesses' behavior at a hotel party the night before the crime. However, none of the testimony pertained to the actual condition of the witnesses at the time of the murder, which occurred at approximately 11:00 a.m. the day after the party. Accordingly, due to the lack of evidence of intoxication at the time of the murder, we conclude that a jury instruction pertaining to the intoxicated state of the above-named witnesses was not warranted. Consequently, there is no underlying merit to Appellant's instant claim of trial counsel ineffective assistance. Therefore, this claim fails.

In his fifth issue, Appellant argues that trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses who had pending criminal charges.[3] Appellant's Brief at 23-24. Appellant claims trial

---

[3] We note that in his statement of questions involved, Appellant indicates that he is also challenging whether trial counsel was ineffective for failing to request proper jury instructions regarding the possible incentives to the Commonwealth witnesses in return for their testimony. Appellant's Brief at 8.

counsel did not fully cross-examine the witnesses regarding bias and what the witnesses were expecting from the Commonwealth in exchange for their cooperation. *Id*. at 24.

Our Courts have consistently ruled that, where a trial court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998)). In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in *Lord* and stated: "In *Lord*, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 …. Thus, waiver under Rule 1925 is automatic." *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that *Lord* "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. "When a court has to

---

However, in the argument portion of his brief, Appellant limits his discussion to whether trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses with pending criminal charges. Accordingly, we conclude that any claim that trial counsel was ineffective for failing to request proper jury instructions regarding possible icentives has been abandoned because Appellant has not developed any argument relating to that issue in the argument section of his appellate brief as required by Pa.R.A.P. 2119(a).

guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001). In addition, we are mindful that claims not raised before the trial court are waived. *See Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa. Super. 2006) (citing *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief").

Our review of the certified record reflects that on February 26, 2018, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reflects Appellant filed his Rule 1925(b) statement on March 8, 2018. Appellant's Rule 1925(b) statement contains a total of eight issues. The fourth issue is the only issue that raised a claim pertaining to the cooperation of Commonwealth witnesses, and it provides as follows:

> Did trial counsel provide a meaningful representation by: Failing to request a jury instruction on bias or motivation of Commonwealth witnesses for their cooperation?

Pa.R.A.P. 1925(b) Statement, 3/8/18, at 1 ¶ 1(d).

Thus, Appellant properly preserved for review a claim alleging ineffective assistance for failure to request a jury instruction. However, in his Rule 1925(b) statement, Appellant never specifically raised to the PCRA court the theory that trial counsel was ineffective for failing to cross-examine

- 13 -

properly certain Commonwealth witnesses with pending criminal charges. Therefore, to the extent Appellant now attempts to challenge whether trial counsel was ineffective for failing to properly cross-examine the Commonwealth witnesses, we conclude that this argument is waived because Appellant failed to present this specific issue in his Rule 1925(b) statement.

Appellant next argues that trial counsel was ineffective for failing to cross-examine Commonwealth witness Rashon Burston. Appellant's Brief at 24-25. Appellant avers that trial counsel should have questioned Mr. Burston regarding the fact that his fingerprint was the only usable print on the ammunition tray discovered by police.

In addressing this claim of ineffective assistance of trial counsel, the PCRA court offered the following analysis:

> [Appellant] alleges counsel was ineffective for failing to question Rashon Burston about the fact that his fingerprints were found on an ammunition tray that was recovered by police. Trial counsel extensively cross-examined Investigator William Kimmick of the Harrisburg Police Department about fingerprints found on the ammunition tray as well as on playing cards which were also recovered. Detective Kimmick testified that the only usable print pulled from the ammunition tray was that of Burston, and that the only print belonging to [Appellant] was found on the playing cards. However, [Appellant] alleges, neither trial counsel nor counsel for the Commonwealth questioned Burston about why his prints were on the ammunition tray. [Appellant] contends, since Burston's prints were the only ones found on any evidence related to the shooting, [Appellant] was prejudiced by trial counsel's failure to question Burston.
>
> [Appellant] fails to demonstrate a reasonable probability of a different result had trial counsel questioned Burston, and, therefore, his ineffectiveness claim is without merit. Further, the jury heard Detective Kimmick's testimony regarding the

- 14 -

fingerprint analysis from the ammunition tray and the playing cards, and was thus fully aware that no usable fingerprints of [Appellant] were pulled from the tray. No purpose would be served by further proceedings; therefore we decline to grant [Appellant's] request for an evidentiary hearing on this claim.

PCRA Court Opinion, 8/31/16, at 6.

We agree with the PCRA court that, in light of the fact that the jury heard testimony that Appellant's fingerprints were not on the ammunition tray, Appellant has failed to show that the outcome of the proceedings would have been different had trial counsel questioned Mr. Burston about his fingerprints being on the ammunition tray. Hence, this claim of ineffective assistance lacks merit.

In his seventh issue, Appellant argues that trial counsel was ineffective for failing to reiterate in his closing argument the fact that the specific caliber of gun involved in the shooting was unknown. Appellant's Brief at 25-27. Appellant notes that no murder weapon was found and there was no definitive conclusion as to the exact caliber of the bullet.

The PCRA court offered the following discussion of this claim of ineffective assistance:

[Appellant] argues counsel was ineffective for failing to elicit during testimony what caliber gun was used in the homicide. Dr. Wayne Ross, who performed the autopsy, and Pennsylvania State Trooper Michael Fortley both testified at trial regarding the type of gun used in the shooting. Both individuals indicated they were not sure what caliber gun was used. [Appellant] submits "it is obvious that the murder weapon was not found, and that is was [sic] unclear what type of gun was used[,]" and alleges counsel was ineffective for failing to argue this fact in his closing argument.

- 15 -

[Appellant] is not entitled to relief on this claim because he fails to demonstrate his claim is of arguable merit. Counsel's failure to repeat something that was already presented to the jury during his closing argument cannot be said to be so unreasonable that it rises to the level of ineffectiveness. Further, [Appellant] fails to show how counsel's omission prejudiced him. The fact that a murder weapon was not found and the caliber gun used in the shooting was unknown was made clear to the jury through the testimony of both Dr. Ross and Trooper Fortley. Further, it makes no difference what caliber gun was used; the bottom line is that a gun was used to kill the cab driver. To claim counsel's failure to repeat this information during closing argument is ineffective assistance is simply misguided.

PCRA Court Opinion, 8/31/16, at 7.

We agree with the conclusion of the PCRA court that Appellant has failed to prove that trial counsel's omission of an argument regarding the lack of evidence of the caliber of the gun cause actual prejudice. Appellant's argument in this regard amounts to allegations of appellate counsel's ineffective assistance and lacks any significant discussion of the prejudice prong of the **Pierce** test. As we previously stated, claims of ineffective assistance of counsel are not self-proving. **Wharton**, 811 A.2d at 986. A PCRA petitioner must present argumentation relative to all three prongs of the ineffectiveness standard. **D'Amato**, 856 A.2d at 812. Accordingly, Appellant's undeveloped claim of trial counsel's ineffective assistance fails.

In his final issue, Appellant argues that the assistant district attorney committed prosecutorial misconduct during trial. Appellant's Brief at 27-29. Specifically, Appellant avers that the prosecutor improperly questioned a Commonwealth witness without that witness's attorney being present. **Id**.

- 16 -

Appellant contends that, because the lack of the attorney being present, the Commonwealth witness should not have been called to testify. *Id*. at 29.

> We observe the following:
>
> "[T]o be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." **Id**. These statements in **Berry** are derived directly from Section 954[4](b) of the PCRA, which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 954[4](b).

**Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007). Thus, where issues presented in a PCRA petition could have been raised on direct appeal and were not, they are waived. **Id**. **See also Commonwealth v. Lambert**, 797 A.2d 232, 240 (Pa. 2001) (PCRA petitioner's issues that could have been raised on direct appeal but were not, are waived under 42 Pa.C.S. § 9544(b)).

Our review of the record reflects that the issue concerning prosecutorial misconduct could have been raised on direct appeal but was not. Moreover, it is not a claim which Appellant assigned as error to trial counsel. Accordingly, we conclude that this issue ia waived. **Turetsky**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/24/2018