**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**William OLIVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2008.

Filed April 4, 2008.

---

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellee.

BEFORE: STEVENS, MUSMANNO, and HUDOCK, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on September 29, 2005, following Appellant's conviction by a jury of two (2) counts of involuntary deviate sexual intercourse [1] and four (4) counts of unlawful contact with a minor.[2] Herein, Appellant challenges the sufficiency of the evidence and the trial court's charge to the jury. We affirm the judgment of sentence.

¶ 2 The incidents underlying the present case involve Appellant and his girlfriend's four (4) young daughters, T.C., C.J., T.B., and S.C. Appellant forced C.B. and T.B. to perform oral sex on him, and made sexual advances toward T.C. and S.C. Appellant was charged in connection therewith and, following a jury trial held in June of 2005, he was convicted of the above-referenced offenses. On September 29, 2005, Appellant was sentenced to an aggregate twenty-two (22) to forty-four (44) year term of imprisonment. The present appeal followed.[3]

¶ 3 Appellant raises the following questions for review:

1. 18 Pa.C.S.A. § 3123.

2. 18 Pa.C.S.A. § 6318.

1. Was not the evidence insufficient to sustain a verdict for unlawful contact with minors where there was no evidence that appellant had any inappropriate contact with T.C. nor was sufficient evidence shown to support the Commonwealth's position that appellant attempted to engage in sexual intercourse with T.C.?

2. Did not the trial court err in failing to properly instruct the jury as to unlawful contact with [a] minor by failing to instruct the jury as to the lesser included offense of indecent assault?

Brief for Appellant at 4 (answers of trial court omitted).

¶ 4 We will first address Appellant's challenge to the sufficiency of the evidence. In doing so, we must determine:

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no facts supporting a finding of guilt may be drawn. The fact-finder, when evaluating the credibility and weight of the evidence, is free to believe all, part, or none of the evidence.

3. Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa.R.A.P. 1925(a).

*Commonwealth v. Stevenson*, 894 A.2d 759, 773 (Pa.Super.2006) (citations and quotations omitted).

¶ 5 Unlawful contact with a minor is defined in 18 Pa.C.S.A. § 6318 and provides, in pertinent part, that a person is guilty of such offense if, *inter alia*, the following elements are satisfied: (1) the person intentionally contacted a minor; (2) for the purpose of engaging in prohibited activity, such as involuntary deviate sexual intercourse; and (3) either the person initiating the contact or the person being contacted was within this Commonwealth. 18 Pa.C.S.A. § 6318(a).

¶ 6 Involuntary deviate sexual intercourse, which encompasses oral sex, *see* 18 Pa.C.S.A. § 3101, includes deviate sexual intercourse with a child "who is less than 16 years of age and the person is four or more years older than the [child] and the [child] and person are not married to each other." 18 Pa.C.S.A. § 3123(a)(7).

¶ 7 With the above principles in mind, we turn to Appellant's contention that the evidence adduced at trial was insufficient to sustain his conviction for unlawful contact with T.C., since there allegedly was no evidence that he had inappropriate contact with T.C. or attempted to engage in sexual intercourse with her. We disagree.

¶ 8 The record reveals that, when T.C. was eleven (11) or twelve (12) years old, she resided with her grandparents, but, over the summer months, often stayed with her mother at 3107 North Taylor Street in Philadelphia. Appellant, who was in a relationship with T.C.'s mother, occasionally lived at this location. During the course of one of T.C.'s stays, she entered her mother's bedroom to watch television and encountered her mother, who was sleeping at the time, and Appellant, who was reclining in bed. T.C. sat on the edge of the bed and began watching television, at which time Appellant nudged her in the back with his foot, pulled the covers below his bellybutton, and pointed toward his penis. N.T. 6/14/05 at 67–68, 98–101. He then raised his eyebrows and winked at her. *Id.* at 69. She turned and continued to watch television, at which time, Appellant again nudged her in the back with his foot. She then left the bedroom.

¶ 9 On another occasion, T.C. approached Appellant when he was near his vehicle and asked him for a dollar. Appellant responded, "You could have got more money, like you could have got $40 if you would have did [sic] this for me." *Id.* at 65. T.C. looked at Appellant, at which time he added, "You know what I mean, or am I too big for you?" *Id.*

¶ 10 With regard to Appellant's interactions with C.J., T.B., and S.C., we briefly note that C.J. testified that, when she was between the ages of eleven (11) and thirteen (13), she often visited her mother; and, while on these visits, Appellant repeatedly "made [her] suck his penis." *Id.* at 124, 126–127. He placed his hand on her head, pushed her head down, and commanded, "Come on. Come on." *Id.* at 130. In addition, C.J. stated that Appellant "would touch [her] butt and [her] chest." *Id.* at 134.

¶ 11 T.B. testified that, while on a visit to her mother's house when she was nine (9) years old, she was watching television in her mother's bedroom with T.C., C.J., S.C., and Appellant. T.B. continued:

> Then [Appellant] asked somebody to go to the store. And then he said he would give them money if they did it. So then he picked me to go downstairs. And that's when he—he told me to suck his private part, and I said, No. That's when he forced it into my mouth.

*Id.* at 186.

¶ 12 T.B. added that, on another occasion when entered her mother's bedroom

to retrieve something for her mother, she encountered Appellant with a towel wrapped around his waist. She testified that, "[Appellant] tried to force my head down to his private part, and I forced my head back up. And then I got loose." *Id.* at 197.

¶ 13 Finally, S.C. was questioned as to her interactions with Appellant. She stated that, when she was nine (9) years old, she visited her mother, at which time, Appellant repeatedly touched "[her] chest, [her] butt, and [her] private part...." N.T. 6/15/05 at 13. She added that, "Sometimes [Appellant] would ask me to suck his penis and sometimes he would ask me to have sex, but I said, No." *Id.* at 17.

■ ¶ 14 Returning to Appellant's contention that the evidence adduced at trial was insufficient to sustain his conviction for unlawful contact with T.C., the evidence noted above indicates that, while T.C. sat on her mother's bed in her mother's house, Appellant nudged her and made gestures toward her. At the time of the incident, T.C. was just eleven (11) or twelve (12) years old. At the time of another encounter near Appellant's vehicle, he spoke to her about being given more than $1.00. As evidenced by Appellant's words and gestures, he clearly "contacted" a "minor" in "this Commonwealth" within the purview of 18 Pa.C.S.A. § 6318.[4] *See* 18 Pa.C.S.A. § 6318(c) (defining a "minor" as "[a]n individual under 18 years of age" and "contacts" as "[d]irect or indirect contact or communication by any means, method or device, including contact or communication in person").

¶ 15 Turning to the element of § 6318 that requires the contact be undertaken for the purpose of engaging in prohibited activity, as discussed above, Appellant nudged T.C. in the back with his foot, pulled the covers down below his bellybutton, pointed toward his penis, arched his eyebrow and winked at T.C. With regard to the incident by Appellant's vehicle, Appellant informed T.C. that she could have made $40.00 "if [she] would have did [sic] this for [him]," adding, "Or am I too big for you?"

¶ 16 As asserted by the Commonwealth: [Appellant] made two of T.C.'s sisters, C.J. and T.B., suck his penis. He also specifically asked her third sister, S.C., to suck his penis. That [Appellant] either committed or sought to commit involuntary deviate sexual intercourse against three identically situated child victims powerfully substantiates the conclusion that he meant to commit the very same violation of T.C. as well.

Letter Brief of Commonwealth at 7–8 (citations to transcript omitted).

¶ 17 We find that the evidence discussed above was sufficient for the jury, sitting as the finder of fact and examining the evidence in its totality, to conclude that Appellant made gestures and statements to T.C. for the purpose of getting her to perform oral sex. *See Commonwealth v. Evans,* 901 A.2d 528 (Pa.Super.2006). Thus, we conclude that the evidence, as well as all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Appellant conviction for unlawful contact with a minor as to T.C.

¶ 18 Appellant's second contention is that the trial court erred in instructing the jury on the offense of unlawful contact with a minor in that the court failed to

---

**4.** We note that Appellant concedes there was contact with a minor. Brief for Appellant at 9.

instruct on the possible underlying offense of indecent assault with respect to T.C. and S.C.[5] Before addressing the merits of this issue, we must determine whether such issue has been properly preserved for appellate review. In *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed the bright-line rule established in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), which requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P.1925(b) statement. The Court noted that this "system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply." *Castillo*, 585 Pa. at 402, 888 A.2d at 779–780. Moreover, this Court has recognized that an appellant must identify issues concisely so that the trial court is not impeded in preparing its legal analysis of such issues. *Commonwealth v. Lemon*, 804 A.2d 34 (Pa.Super.2002).

 ¶ 19 Herein, a review of the 1925(b) statement filed by Appellant reveals that he raised the following issue at that time: "This Court erred in failing to instruct the jury properly as to the **elements** of contact with a minor for all four complainants." Statement filed 3/27/07 (emphasis added). The issue Appellant now raises on appeal is whether the court erred in failing to instruct the jury on the offenses of unlawful contact with a minor for the purpose of indecent assault. This issue was not raised by Appellant in his 1925(b) statement. Consequently, the issue, which is distinct from that raised by Appellant in his 1925(b) statement, was not addressed by the court in its 1925(a) opinion.

¶ 20 Pursuant to *Castillo*, we are constrained to hold that the issue Appellant raises on appeal is waived. As such, we may not address the merits thereof. *Castillo*, 888 A.2d at 780 (disapproving cases from this Court "to the extent that they have created exceptions to *Lord* and have addressed issues that should have been waived").

¶ 21 Based on the foregoing, we affirm the judgment of sentence.

¶ 22 Affirmed.

---

5. The court instructed the jury on unlawful contact with a minor with the intended purpose of committing rape and/or involuntary deviate sexual intercourse. The court did not instruct as to the offense of indecent assault. As noted by the Commonwealth, Appellant argues that "[a] finding by the jury that appellant intended ... indecent assault, would have resulted in a conviction of the offense of unlawful contact with a minor, 18 Pa.C.S. § 6318, graded as a misdemeanor, rather than as a felony, as the grading of § 6318 depends upon the grading of the intended offense." Brief for Appellant at 8. However, a conviction for unlawful contact with a minor may be graded no lower than a felony of the third degree. *See* 18 Pa.C.S.A. § 6318(b).