J-S53023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM MARTINEZ-DEJESUS, | |
| Appellant | No. 2103 MDA 2015 |

Appeal from the Judgment of Sentence September 28, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000883-2015

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED AUGUST 25, 2016**

Appellant, William Martinez-DeJesus, appeals from the judgment of sentence entered following his conviction of robbery.  We affirm.

We summarize the procedural history of this case as follows.  In an information filed on April 29, 2015, the Commonwealth charged Appellant with one count of robbery in relation to his actions on December 19, 2014, in which Appellant beat and threatened to kill a taxi driver over a fare dispute and took items from his taxicab.  On July 21, 2015, Appellant entered a plea of *nolo contendere* to the robbery charge.  On September 28, 2015, the trial court sentenced Appellant to serve a term of incarceration of five to ten years, and payment of fines, costs, and restitution to the victim.  Appellant

_____

[*]  Former Justice specially assigned to the Superior Court.

filed a timely post-sentence motion. On November 3, 2015, the trial court entered an order denying Appellant's post-sentence motion. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> WAS IT SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE AN ABUSE OF DISCRETION FOR THE COURT TO IMPOSE A SENTENCE OUTSIDE ALL RANGES OF THE SENTENCING GUIDELINES WHEN SUCH SENTENCE WAS "UNREASONABLE" WITHIN THE MEANING OF 42 Pa.C.S. §9781(c)(3) BECAUSE THERE WERE NO SPECIAL CIRCUMSTANCES JUSTIFYING AN UPWARD DEPARTURE?

Appellant's Brief at 5.

Appellant argues that the trial court abused its discretion in imposing the sentence in this case. Appellant's Brief at 20-25. Appellant contends that the sentencing court failed to give adequate reasons for imposing a sentence that exceeded the aggravated range of the Sentencing Guidelines.[1]

---

[1] As the Commonwealth properly observes, to the extent Appellant presents an argument pertaining to whether the Commonwealth established certain elements of the crime charged, we note that this specific issue was not raised in Appellant's Pa.R.A.P. 1925(b) statement. Thus, we are constrained to conclude that this specific argument is waived for purposes of appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived). *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that *Lord* "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

Appellant's claim of error is a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question with respect to the issue he presents.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not

accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id***. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

In Appellant's brief, he argues that "[t]he [sentencing] court failed to give adequate reasons for imposing a sentence that exceeded the aggravated range of the Sentencing Guidelines." Appellant's Brief at 18. This Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question. ***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014) (citing ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007)). Thus, we conclude that Appellant's claim presents a substantial question for our review and we will review the merits of Appellant's challenge.

Our standard of review in appeals of sentencing is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[2] When imposing a sentence, the sentencing court must consider "the protection of the public,

_____

[2] The *Walls* Court instructed the following:

In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:

(d) Review of the record.—In reviewing the record the appellate court shall have regard for:

(1) The nature of the circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

Moreover, it is well settled that sentencing courts are not bound by the Sentencing Guidelines because they are merely advisory. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). The sentencing court may deviate from the Sentencing Guidelines, because they are one factor among many that the court must consider when imposing a sentence. *Id*. (citation omitted). The sentencing court "may depart from the [G]uidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Id*. (internal quotation marks and citation omitted).

Our review of the record reflects that at the time of Appellant's sentencing, the court was aware of the applicable guideline ranges. N.T., 9/28/15, at 3. In addition, a victim-impact statement was presented to the

court and photographs of the victim's injuries were admitted.  *Id*. at 4-5.

Also, Appellant's counsel apprised the court of Appellant's personal history

and the fact that Appellant was taking full responsibility for the incident.  *Id*.

at 6.  Appellant's counsel then read into the record a personal letter of

apology from Appellant to the victim.  *Id*. at 7-8.  Thereafter, Appellant

personally addressed the court and offered an apology directly to the victim.

*Id*. at 8.  The victim rebuffed Appellant's act of contrition.  *Id*.

Thereafter, the sentencing court made the following statement on the

record:

> Here is the problem.  Here lies the problem.  There are different types of robberies that take place, and there are those with force and threat of force.  Even a purse-snatch is a robbery.  Then there are senseless acts that take place.
>
> And then there is always the emotional trauma that a victim will sustain, and some more than others.  Some folks are more sensitive to aggressive acts than others.  And then you have situations where there is mindless physical brutality that takes place because then a victim has to live with it for the rest of their life.
>
> I appreciate greatly the efforts the District Attorney's Office has indicated they are willing to go to, to try to get the Compensation Board to try to help out the financial situation that exists here.
>
> [Appellant] stands before me and says, I will pay whatever to do it, and he is not capable of it.  So the words, although they may sound good, are hollow because he is not able to correct what he has done.  He does not have to go through life with the injuries and the scarring and the debilitating aspects of his actions.
>
> * * *

And the remorsefulness I don't think covers it. Being sorry for it doesn't cover it. Having lots of stress in your life and everything falling apart, what does that have to do with [the victim]? [The victim] didn't cause any of that stress or strife. So that's my concern.

Yes, [Appellant] has pled guilty and we take that into consideration. Yes, [Appellant] has indicated that he is sorry for it. Sure, I bet you he is, or at least I hope he is.

\* \* \*

And it is not necessarily the photographs that exist. Have I seen worse photographs over my ... 30 some years of being involved in criminal law? Sure, I have. Sure I have. But what [the victim] has to live with the rest of his life -- and it has impacted him financially as well -- I don't know that the Victim Compensation Board can ever put him back on his feet. And that doesn't even cover, you know, what [the victim] is living with.

And that's the egregious aspect of this case, is I feel for [the victim], the senseless inflictions that have occurred. And that's where I see our problem. [Appellant] has zero prior record score, but to jump so quickly and violently into the area where he did, I don't understand it. And that's my problem and that's my concern.

\* \* \*

I see this as the injuries, the impact on the life of the victim, the degree of the violent nature of this particular robbery bespeak of going above the guidelines. It makes no sense.

N.T., 9/28/15, at 9-12.

In its opinion, the sentencing court made the following conclusion

regarding the sentence imposed:

In light of the record, this Court did not abuse its discretion in deviating from the guidelines. The sentence was not so manifestly excessive as to constitute an abuse of discretion. Moreover, such sentence was consistent with the

- 8 -

protection of the public, the gravity of the offense, and [Appellant's] rehabilitative needs.

Trial Court Opinion, 2/18/16, at 4 (citations omitted).

Upon review of the record, we conclude that the sentencing court presented adequate reasons for imposing a sentence upon Appellant that was beyond the Sentencing Guidelines. There is no indication that the trial court ignored any relevant factors in fashioning the sentence. Rather, we agree with the sentencing court that its focus was properly upon Appellant's brutal behavior during the commission of the crime and the impact upon the victim. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court. Hence, we conclude this claim lacks merit. Based on the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2016