J-S20012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED GRANT | : | |
| | : | |
| Appellant | : | No. 98 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004010-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 19, 2020**

Appellant, Rasheed Grant, appeals from the judgment of sentence entered following his conviction of three firearm offenses.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On August 10, 2018, a jury convicted Appellant of carrying a firearm without a license and carrying a firearm without a license on the public streets of Philadelphia (18 Pa.C.S.A. §§ 6106 and 6108).  The jury found Appellant not guilty of aggravated assault and possessing an instrument of a crime.  After the jury trial, [the trial c]ourt conducted a stipulated bench trial and found Appellant guilty of unlawfully possessing a firearm as a convicted felon (18 Pa.C.S.A. § 6105).  (N.T. 8/10/18 at pgs. 3-12).

> On December 7, 2018, [the trial c]ourt sentenced Appellant to [serve] an aggregate term of seven (7) to fourteen (14) years' incarceration.  (N.T. 12/7/18 at pgs. 25-26).[1]  On December 10, 2018, Appellant filed a post-sentence motion [seeking reconsideration of his sentence,] which [the trial c]ourt denied on December 14, 2018.  On January 4, 2019, Appellant filed a [timely] notice of appeal to the Pennsylvania Superior Court[.]

¹ Appellant's sentence includes a term of 7 to 14 years' incarceration for unlawfully possessing a firearm as a convicted felon (18 Pa.C.S.A. § 6105), and two concurrent terms of 1 to 2 years' incarceration for carrying a firearm without a license and possessing a firearm without a license on the public streets of Philadelphia (18 Pa.C.S.A. §§ 6106 and 6108). (Id.).

Trial Court Opinion, 7/8/19, at 1. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUSTAIN THE VERDICT.

II. WHETHER THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

Appellant's Brief at 6.

Appellant first argues that there was insufficient evidence to sustain his convictions. Appellant's Brief at 15-17. Specifically, Appellant asserts that the evidence did not prove beyond a reasonable doubt that he committed the crimes. *Id*. at 15. He contends that the eyewitness testimony of Michelle Ayers, the victim's grandmother, was unreliable, dubious, inconsistent, and contradicted the direct physical evidence. *Id*. at 15-17. Appellant concludes that Ms. Ayers's testimony was insufficient to sustain the verdict because, based upon our Supreme Court's decision in *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), the testimony "is so inherently unreliable that a verdict based upon it could amount to no more than surmise and conjecture." Appellant's Brief at 16 (citing *Karkaria*, 625 A.2d at 1167).

Before we address the merits of Appellant's issue, we must first determine whether the claim presented has been properly preserved for our consideration on appeal. Our courts have consistently ruled that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement are waived. **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa. Super. 2008) (citing **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998)). In **Commonwealth v. Butler**, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in **Lord**: "In **Lord**, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 …. Thus, waiver under Rule 1925 is automatic." **See also Commonwealth v. Oliver**, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that **Lord** "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. **Commonwealth v. Lemon**, 804 A.2d 34, 36 (Pa. Super. 2002). Rule 1925 is thus a crucial component of the appellate process. **Id.** at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001).

In addition, we are mindful that claims not raised before the trial court are waived. **See Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000) ("A claim which has not been raised before the trial court cannot be raised for the first time on appeal."); **Commonwealth v. Ryan**, 909 A.2d 839, 845 (Pa. Super. 2006) ("A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief").

Our review of the certified record reflects that on April 22, 2019, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reveals that Appellant filed his Pa.R.A.P. 1925(b) statement on May 10, 2019. Appellant's Pa.R.A.P. 1925(b) statement contains a total of three issues. The only issue presenting a claim challenging the sufficiency of evidence provides as follows:

> 2. This Honorable Court erred and unfairly prejudiced [Appellant] because the evidence was insufficient to convict [him]. The jury convicted [Appellant] of Possession Of Firearm Prohibited (18 § 6105 §§ A1), Firearms Not To Be Carried W/O License (18 § 6106 §§ A1), and Carry Firearms Public In Phila (18 § 6108). But, the credible evidence was insufficient to prove the element of possession for each of the charges.

Pa.R.A.P. 1925(b) Statement, 5/10/19, Docket Entry 28.

Thus, Appellant properly preserved for review the claim concerning the sufficiency of evidence pertaining to the element of possession. In his Pa.R.A.P. 1925(b) statement, Appellant never raised to the trial court the theory relying upon **Karkaria**, that the testimony offered by Ms. Ayers was

insufficient to sustain the verdicts because it is so inherently unreliable that a verdict based upon it could amount to no more than surmise and conjecture. Because Appellant failed to challenge the sufficiency of the evidence based upon a theory that Ms. Ayers's testimony was unreliable and resulted in verdicts based upon surmise and conjecture, the trial court limited its discussion regarding the sufficiency of the evidence to a review of the evidence supporting a determination that Appellant was in possession of a firearm. Trial Court Opinion, 7/8/19, at 10-11. Hence, to the extent Appellant now attempts to present a theory alternate to the one presented in his Pa.R.A.P. 1925(b) statement and reviewed by the trial court, we conclude that this argument is waived; Appellant failed to present properly this particular issue to the trial court.[1]

---

[1] Even if this issue had not been waived, we would, nevertheless, conclude that there is no merit to Appellant's claim that the testimony offered by Ms. Ayers was so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture as contemplated in ***Commonwealth v. Karkaria***, 625 A.2d 1167 (Pa. 1993). Specifically, our review of the record reflects, as explained by the trial court, that any inconsistencies with regard to her testimony were minor. Indeed, Ms. Ayers consistently described the escalation of the altercation between Appellant and the victim, which culminated in Appellant pulling out a gun from his clothing and shooting the firearm. Ms. Ayers's testimony at trial dovetailed with the audio recording of her account of the incident as it unfolded while on a 911 call, her statements to the responding police officers, and her written statement of the event. This is in stark contrast with the circumstances in ***Karkaria***, wherein the complainant's testimony and statements repeatedly contradicted each other from the time the investigation began through the trial, and led to a conclusion

Appellant last argues that the verdict of guilt was against the weight of the evidence. Appellant's Brief at 17-19. Appellant contends that "the direct evidence was unreliable, and the circumstantial evidence contradicted the direct evidence." *Id*. at 19. Further, Appellant asserts that he "presented two witnesses, whose testimony repudiated the testimony of the Commonwealth's eyewitness." *Id*. Appellant claims that he should be awarded a new trial.

The threshold question for this Court is whether Appellant's weight issue has been preserved for our review. Pa.R.Crim.P. 607[2] and its comment instruct that in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. As reiterated in

_____

that the evidence was insufficient to convict the appellant. Hence, had this issue not been waived, we would have determined that it lacks merit.

[2] Pennsylvania Rule of Criminal Procedure 607 governs challenges to the weight of the evidence and provides, in relevant part, as follows:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) Orally, on the record, at any time before sentencing;

(2) By written motion at any time before sentencing; or

(3) In a post-sentence motion.

Pa.R.Crim.P. 607(A).

*Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004), "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id*. at 1277 (citing Pa.R.Crim.P. 607, cmt). The *Gillard* Court concluded, "Rule 607 clearly requires that such a claim be raised initially by a motion to the trial court, and the failure to do so compels this Court to find the issue waived, even if it was ultimately addressed by the trial court in its Rule 1925(a) opinion." *Gillard*, 850 A.2d at 1277 (citing *Commonwealth v. Washington*, 825 A.2d 1264 (Pa. Super. 2003)). *See Commonwealth v. Kohan*, 825 A.2d 702, 706 (Pa. Super. 2003) (observing that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a [Pa.R.A.P.] 1925(b) order"). *See also Commonwealth v. Butler*, 729 A.2d 1134, 1140 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

Here, although Appellant filed a post-sentence motion seeking reconsideration of his sentence, he failed to present the trial court with an oral or written motion for a new trial prior to sentencing or a post-sentence motion challenging the weight of the evidence. Rather, Appellant raised his claim that the verdicts were against the weight of the evidence in his Pa.R.A.P. 1925(b) statement. Hence, we conclude that the issue challenging the weight of the evidence is waived. Pa.R.Crim.P. 607; *Gillard*, 850 A.2d at 1277.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/19/2020*