J-S20004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD CENTENO | : | |
| | : | |
| Appellant | : | No. 3542 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008623-2015

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 19, 2020**

Appellant, Richard Centeno, appeals from the judgment of sentence entered following his convictions of indecent assault of a person less than sixteen years of age and corruption of minors.[1] We affirm.

In an information filed September 3, 2015, Appellant was charged with various sexual offenses related to contact he had with C.T. ("Victim") on two occasions between the late summer of 2009 and January of 2010. Several crimes were *nolle prossed* prior to the commencement of trial. On July 12, 2018, the jury found Appellant not guilty of the charge of involuntary deviate sexual intercourse with a person less than sixteen years of age.[2] However,

---

[1] 18 Pa.C.S. §§ 3126(a)(8) and 6301(a)(1), respectively.

[2] 18 Pa.C.S. § 3123(a)(7).

the jury convicted Appellant of the two crimes stated above. On October 9, 2018, the trial court sentenced Appellant to serve an aggregate term of incarceration of one to five years. Appellant filed a timely post-sentence motion seeking reconsideration of his sentence. The trial court denied the motion on November 29, 2018. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P 1925.

Appellant presents the following issue for our review: I. Whether the evidence was sufficient to sustain the verdict. Appellant's Brief at 5 (full capitalization omitted).

Appellant argues that there was insufficient evidence to sustain his convictions. Appellant's Brief at 11-17. Appellant asserts that Victim's "unreliable testimony rendered the evidence insufficient to convict [Appellant]." *Id*. at 11. Specifically, Appellant contends that Victim "offered vague, inconsistent, and contradictory testimony about the dates of the alleged incidents." *Id*. at 13. Appellant further claims that Victim was not able to articulate specifically the date of the incident that occurred at Appellant's house, and that the evidence was insufficient to prove the date of the incident at Victim's grandmother's house. *Id*. Appellant also posits that Victim's grandmother failed to clarify the dates of the incidents. *Id*. at 14. Appellant concludes that the evidence did not prove beyond a reasonable doubt that Appellant committed the crimes because, based upon our Supreme Court's decision in **Commonwealth v. Karkaria**, 625 A.2d 1167 (Pa. 1993),

the testimony regarding the dates of the incidents was "so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture."  Appellant's Brief at 17 (citing **Karkaria**, 625 A.2d at 1167).

Before we address the merits of Appellant's issue, we must first determine whether the claim presented has been properly preserved for our consideration on appeal.[3]  Our courts have consistently ruled that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement are waived.  **Commonwealth v. Bullock**, 948 A.2d 818, 823 (Pa. Super. 2008) (citing **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998)).  In **Commonwealth v. Butler**, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in **Lord**: "In **Lord**, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 …. Thus, waiver under Rule 1925 is automatic."  **See also Commonwealth v. Oliver**, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that **Lord** "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal.  The absence of a trial court opinion addressing a particular claim poses a substantial

---

[3] We note the Commonwealth argues that Appellant's specific argument presented in his appellate brief is waived.  Commonwealth's Brief at 8.

impediment to meaningful and effective appellate review. ***Commonwealth v. Lemon***, 804 A.2d 34, 36 (Pa. Super. 2002). Rule 1925 is thus a crucial component of the appellate process. ***Id.*** at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001).

In addition, we are mindful that claims not raised before the trial court are waived. ***See Commonwealth v. Lopata***, 754 A.2d 685, 689 (Pa. Super. 2000) ("A claim which has not been raised before the trial court cannot be raised for the first time on appeal."); ***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa. Super. 2006) ("A theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief").

Our review of the certified record reflects that on January 4, 2019, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant sought an extension of time. The record further reveals that Appellant filed his Pa.R.A.P. 1925(b) statement on May 10, 2019. Appellant's Pa.R.A.P. 1925(b) statement contains a total of three issues. The only issue presenting a claim challenging the sufficiency of evidence provides as follows:

> 2. This Honorable Court erred and unfairly prejudiced [Appellant] because the evidence was insufficient to prove the charges of Corruption Of Minors (18 § 6301 §§ A1) and Ind Asslt Person Less 16 Yrs Age (18 § 3126 §§ A8). The credible evidence presented at trial failed to prove beyond a reasonable doubt that [Appellant]:

a. committed any act that corrupted or tended to corrupt the morals of a minor less than 18 years of age (18 § 6301 §§ A!), or

b. had indecent contact with the complainant or caused the complainant to have indecent contact with the person (18 § 2701 §§ A).

Pa.R.A.P. 1925(b) Statement, 3/25/19, at 2 (verbatim).[4]

Thus, Appellant properly preserved for review the claim concerning the sufficiency of evidence pertaining to the elements of the crimes of corruption of minors and indecent assault of a person less than sixteen years of age. In his Pa.R.A.P. 1925(b) statement, Appellant never raised to the trial court the theory relying upon *Karkaria*, that the testimony offered by Victim and his grandmother was insufficient to sustain the verdicts because they were based upon surmise and conjecture. Accordingly, the trial court limited its discussion regarding the sufficiency of the evidence to a review of the evidence supporting the various elements of each of the crimes. Trial Court Opinion, 7/9/19, at 8-10. Hence, to the extent Appellant attempts to present a theory alternate to the one presented in his Pa.R.A.P. 1925(b) statement and

---

[4] We observe that Appellant included in his Pa.R.A.P. 1925(b) statement a claim challenging the weight of the evidence, alleging that "[t]he inconsistent and unequivocal statements of the witnesses rendered [Victim's] testimony unreliable and not credible." Pa.R.A.P. 1925(b), 3/25/19, at 1-2. However, the trial court concluded that Appellant's weight-of-the-evidence issue was waived due to Appellant's failure to properly preserve the claim pursuant to Pa.R.Crim.P. 607. Trial Court Opinion, 7/9/19, at 4-5.

reviewed by the trial court, we conclude that this argument is waived because Appellant failed to present properly this particular issue to the trial court.[5]

In addition, Appellant has presented a due process claim with his argument that the Commonwealth has failed to establish the exact dates of the crimes in question. Appellant's Brief at 12, 15-17. Appellant contends that his "defense was hamstrung by the Commonwealth's failure to prove the dates of the incidents with reasonable certainty." *Id*. at 15.

As discussed above, any issues not raised in a Pa.R.A.P. 1925(b) statement are waived. *Bullock*, 948 A.2d at 823. Indeed, even constitutional claims not raised in a Pa.R.A.P. 1925(b) statement are waived.

_____

[5] Even if this issue had not been waived, we would conclude that there is no merit to Appellant's claim that the testimony offered by Victim and his grandmother was so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture as contemplated in *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Specifically, our review of the record reflects that any inconsistencies with regard to the exact dates of the two incidents of improper sexual contact were minor. Indeed, the Commonwealth established that the first incident of assault occurred in the late summer of 2009, and the second in January of 2010. Victim consistently noted that both assaults occurred on days that the Philadelphia Eagles were playing football games; the first incident transpired just prior to his twelfth birthday in early September 2009, and the second incident happened several months after he turned twelve. N.T., 7/12/18, at 122-153. Likewise, Appellant's grandmother offered testimony supporting Victim's recollection of the timing of the assaults and the fact that they occurred on the same day as Philadelphia Eagles games. *Id*. at 19-20, 30, 37, 51. This is in stark contrast with the circumstances in *Karkaria*, wherein the complainant's testimony and statements repeatedly contradicted each other from the time the investigation began through the trial, and led to a conclusion that the evidence was insufficient to convict the appellant. Hence, had this issue not been waived, we would have determined that it lacks merit.

*Commonwealth v. Laird*, 988 A.2d 618, 643 n.27 (Pa. 2010). Our review reflects Appellant failed to present this issue in his Pa.R.A.P. 1925(b) statement. Consequently, the trial court never addressed this claim. Accordingly, it is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/20