J-S46020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAFIQ  SMITH | : | |
| | : | |
| Appellant | : | No. 2717 EDA 2018 |

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003850-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                          Filed: April 8, 2021

Appellant, Rafiq Smith, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On April 10, 2014, a jury convicted Appellant of rape, involuntary deviate sexual intercourse ("IDSI"), robbery, sexual assault, and kidnapping.[1] The convictions stem from an attack committed against a woman after she had an evening out with her coworkers and approached her public transit train. On May 15, 2015, the trial court found Appellant to be a sexually violent predator and sentenced him to serve an aggregate term of incarceration of twenty to forty years.  This Court affirmed Appellant's judgment of sentence

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3701(a)(1), 3124.1, and 2901(a)(2), respectively.

on July 11, 2016, and our Supreme Court denied his petition for allowance of appeal on December 13, 2016. ***Commonwealth v. Smith***, 154 A.3d 849, 1777 EDA 2015 (Pa. Super. filed July 11, 2016) (unpublished memorandum), *appeal denied*, 164 A.3d 456 (Pa. 2016).

On December 1, 2017, Appellant timely filed, *pro se*, the instant PCRA petition. Court appointed counsel entered his appearance on December 18, 2017. On July 23, 2018, counsel filed a ***Turner***/***Finley*** no-merit letter.[2] On July 31, 2018, the PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Appellant filed a response, in which he requested an extension of time to file objections and leave to amend his PCRA petition on August 24, 2018. On August 28, 2018, the PCRA court entered an order dismissing the PCRA petition and granting counsel's motion to withdraw. This timely appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. Should the Court review the PCRA proceedings *sua sponte*, because the [c]ourt below erred in accepting and ruling on Appellant's *pro-se* motions, including a *pro-se* Response to the [PCRA c]ourt's Rule 907 Notice of Intent to Dismiss when the *pro-se* pleadings constituted hybrid representation and therefore a nullity because PCRA counsel, though he abandoned Appellant, was still counsel of record having not been permitted to withdraw from representation?

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)

Appellant's Brief at 4.

In his sole claim for relief, Appellant argues that the PCRA court erred in accepting his *pro se* response to the PCRA court's Rule 907 notice of intent to dismiss. Appellant's Brief at 10-15. Appellant contends that although counsel had requested to withdraw, the motion had not been granted and Appellant's *pro se* filing was the equivalent of hybrid representation. *Id*. at 11. Appellant asserts that his *pro se* filing was a legal nullity. *Id*. at 13.

Before we address the merits of Appellant's issue, we must determine whether the claim presented has been properly preserved for our consideration. Our Courts have consistently ruled that where a lower court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998)). In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in *Lord* and stated: "In *Lord*, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 …. Thus, waiver under Rule 1925 is automatic." *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that *Lord* "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

We are mindful that Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. **Commonwealth v. Lemon**, 804 A.2d 34, 36 (Pa. Super. 2002). Rule 1925 is thus a crucial component of the appellate process. **Lemon**, 804 A.2d at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001). In addition, claims that are not raised before the trial court are waived. **See Commonwealth v. Lopata**, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal."); **Commonwealth v. Ryan**, 909 A.2d 839, 845 (Pa. Super. 2006) (citing **Commonwealth v. Gordon**, 528 A.2d 631, 638 (Pa. Super. 1987) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.")).

Our review of the certified record reflects that on September 17, 2018, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reflects that after the granting of multiple extensions of time, Appellant filed his Rule 1925(b) statement on February 15, 2019. Appellant's Rule 1925(b) statement

contained ten issues.  However, the Rule 1925(b) statement did not include the issue Appellant currently presents to this Court.  Accordingly, we are constrained to conclude that this issue is waived.  **Bullock**, 948 A.2d at 823.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/21