J-S53010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAMIRAH RUCKER | : | |
| | : | |
| Appellant | : | No. 1201 EDA 2020 |

Appeal from the PCRA Order Entered May 11, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004781-2017

BEFORE:   SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED:  MAY 21, 2021**

Appellant, Shamirah Rucker, appeals *pro se* from the order dismissing

her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the underlying facts of this case as follows:

> The Affidavit of Probable Cause that served as the factual basis
> for the plea states that on the evening of April 17, 2017[,] police
> officers responded to a report of a stabbing.  Upon arrival[,] the
> victim was found with three stab wounds to her chest.
> [Appellant's] father was at the scene providing aide [sic] to the
> victim.  He reported that it was [Appellant] who stabbed the
> victim.  The victim also identified [Appellant] as her assailant.
> [Appellant] admitted to the officers that she had stabbed the
> victim.

---

[*] Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 7/7/20, at 2. The PCRA court offered the following recitation of the procedural history of this matter:

> [Appellant] entered a negotiated guilty plea to aggravated assault and possessing an instrument of crime on February 16, 2018. After a colloquy[, Appellant's] guilty plea was accepted as knowing, voluntary and intelligent. [Appellant] executed a written Guilty Plea Statement Form comprised of twenty-nine paragraphs wherein *inter alia*, she acknowledged the rights that she was waiving and confirmed that she was not forced or pressured into entering the guilty plea. She initialed each of the twenty-[nine] paragraphs set forth therein and signed the form to confirm that she understood and agreed with each provision that is set forth in the form. In [o]pen [c]ourt [Appellant] stated that she had sufficient time to review the form, that there was nothing in it that she did not understand and that she had no questions for either the [c]ourt or her attorney. N.T. [2/16/18] pp. 6-7. At the conclusion of the colloquy[,] the guilty plea was accepted as knowing, voluntary and intelligent.
>
> In accordance with the terms of the plea[, Appellant] was sentenced to an aggregate term of seventy-two to 144 months of incarceration to be followed by five years of probation. This sentence falls within the statutory limits for each offense and falls within the Standard Range recommended by the Pennsylvania Commission on Sentencing.
>
> * * *
>
> [Appellant] did not pursue her right to a direct appeal. On February 25, 2019[, Appellant] filed a *pro se* [PCRA] petition.[1] [Appellant] alleged that she accepted the plea believing that she would not serve the minimum sentence imposed and was "unaware of how harsh the deal was." She claimed that the sentence imposed exceeds the Sentencing Guidelines and that she was unaware of all the terms she was agreeing to because she did not have her glasses at the time.
>
> [1] Counsel was appointed. Appointed counsel filed an application to withdraw along with a "no–merit" letter[,] and he was granted leave to withdraw on March 16, 2020.

- 2 -

After due Notice the petition was dismissed.[2]  [Appellant] was Ordered to file a Concise Statement of Errors Complained of on Appeal.  [Appellant] has complied with the [c]ourt's directive and has listed several claims that were not raised in the PCRA petition that is before the [c]ourt.  …

[2] The PCRA petition was dismissed on April 28, 2020. After an Order was entered dismissing the petition the [c]ourt received a response to the Notice of Intent to Dismiss that was entered on March 16, 2020.  The April 28, 2020 Order was vacated to allow the [c]ourt to consider [Appellant's] untimely response.  The PCRA petition was then dismissed on May 11, 2020. It is from this Order that [Appellant] appeals.

PCRA Court Opinion, 7/7/20, at 1-3.

Appellant presents the following issues for our review:

A. Did the PCRA Court err in the denial and dismissal of Appellant's Post Conviction Relief Act Petition in regards to ineffective assistance of counsel?

B. Did the PCRA Court err in not finding Appellant's guilty plea was not knowingly and intelligently entered into?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).  The PCRA court's findings will not be disturbed unless there is no

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In each of her issues, Appellant raises claims challenging the effective assistance of prior counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We observe that claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 856 A.2d 806, 812 (Pa. 2004).

Pursuant to the first prong, we note that where an appellant is not entitled to relief on the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. ***Commonwealth v. Ousley***, 21 A.3d 1238, 1246 (Pa. Super. 2011). In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim.

***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, with regard to the second prong, we have reiterated that trial

counsel's approach must be "so unreasonable that no competent lawyer would

have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa.

Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

> Our Supreme Court has discussed "reasonableness" as follows:
>
> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quoting

***Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349 (Pa.

1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a

reasonable probability that but-for counsel's error, the outcome of the

proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure

to satisfy any prong of the ineffectiveness test requires rejection of the claim

of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa.

2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus,

when it is clear that a petitioner has failed to meet the prejudice prong of an

ineffective-assistance-of-counsel claim, the claim may be disposed of on that

basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

Appellant first argues that the PCRA court erred in denying her PCRA petition that raised challenges of ineffective assistance of trial counsel. Appellant's Brief at 8-10. Appellant's argument with regard to this issue presents a litany of vague allegations of trial counsel error. Among other points, Appellant claims that trial counsel "failed to file for [Mental Health Court] violating [Appellant's] wishes … ." ***Id***. at 9. Appellant also claims trial counsel "was ineffective for failing to raise [Appellant's] mental health history … ." ***Id***. In addition, Appellant asserts that trial counsel was ineffective for: failing to stay in contact with Appellant and her father; refusing to petition to withdraw Appellant's plea; failing to offer adequate assistance or develop a defense; improperly communicating with Appellant; and failing to interview and call witnesses or present mitigating evidence at sentencing. ***Id***. at 9-10.

Upon review of Appellant's brief, we are constrained to conclude that she has not developed any of the three prongs necessary to establish an ineffectiveness claim. Indeed, Appellant failed to develop her claims of ineffective assistance beyond the bald allegations set forth above. Aside from the allegations that presume there is merit to the underlying claim, Appellant presented no argument concerning whether trial counsel had a reasonable basis for her inaction, or whether Appellant suffered prejudice. Again, claims

of ineffective assistance of counsel are not self-proving. ***Wharton***, 811 A.2d at 986. Accordingly, we conclude that Appellant has failed to establish her claim that trial counsel was ineffective in this regard. Hence, we discern no error on the part of the PCRA court in denying relief on the basis of this claim of ineffective assistance.[1]

In her second issue, Appellant argues that the PCRA court erred in concluding that Appellant's guilty plea was knowingly and intelligently entered. Appellant's Brief at 11-13. Appellant contends that she entered her plea on the advice of counsel, and that she was incompetent to make any such decision in light of her mental-health issues. ***Id***. at 11-12.

Before we address the merits of Appellant's issue, we must determine whether the claim presented has been properly preserved for our consideration on appeal. Our Courts have consistently ruled that where a lower court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. ***Commonwealth v. Bullock***, 948 A.2d 818, 823

---

[1] We observe that Appellant is proceeding in this appeal without the benefit of legal representation. However, Appellant is not entitled to any particular advantage because she lacks legal training. As the courts of this Commonwealth have long explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing. ***See Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (observing that *pro se* status does not provide benefit to litigant or compel court to become counsel for a party).

(Pa. Super. 2008) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998)).  In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in *Lord* and stated: "In *Lord*, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 ….  Thus, waiver under Rule 1925 is automatic."  *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that *Lord* "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

We are mindful that Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal.  The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. *Commonwealth v. Lemon*, 804 A.2d 34, 36 (Pa. Super. 2002).  Rule 1925 is thus a crucial component of the appellate process.  *Lemon*, 804 A.2d at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review."  *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001).  In addition, claims that are not raised before the trial court are waived.  *See Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal.");  *Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa. Super. 2006) (citing *Commonwealth v.*

***Gordon***, 528 A.2d 631, 638 (Pa. Super. 1987) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.")). Moreover, "[e]ven if the trial court correctly guesses the issues [a]ppellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002).

Our review of the certified record reflects that on June 18, 2020, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reveals that Appellant filed her Rule 1925(b) statement on June 29, 2020. Appellant's Rule 1925(b) statement contained a total of seven issues. Pa.R.A.P. 1925(b) Statement, 6/29/20, at 1-2. However, the Rule 1925(b) statement did not include the specific issue Appellant currently presents to this Court, *i.e.*, that the PCRA court erred in finding that Appellant's guilty plea was knowingly and intelligently entered. ***Id***. Accordingly, we are constrained to conclude that this issue is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/21/21</u>