J-S09045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN GEORGE | : | |
| | : | |
| Appellant | : | No. 2102 EDA 2020 |

Appeal from the PCRA Order Entered October 5, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004157-2015

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 14, 2022**

Appellant Shawn George appeals from the Order entered in the Court of Common Pleas of Delaware County on October 5, 2020, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history on direct appeal as follows:

> In May 2015, [Appellant] was riding in a stolen car, driven by Danielle Raffle.  Officer David Brockway observed the stolen vehicle, followed it for about one block and pulled the car over. When Officer Brockway approached the vehicle, [Appellant] fled from the car. Raffle told Officer Brockway that [Appellant] had a gun. Officer Brockway called for backup and [Appellant] was ultimately arrested.  Police found a discarded firearm in the bushes about thirty yards away from where the arrest took place. [Appellant] was taken to the police station and given his ***Miranda***[3] warnings. Officer William Carey then interviewed [Appellant], and

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

[Appellant] stated that when Raffle's car was stopped, he took the gun and "ran with it," and later "threw it." N.T. Jury Trial, 3/30/16, at 121-23.

Following his convictions, the court sentenced [Appellant] to a term of imprisonment of 3-½ to 7 years for firearms not to be carried without a license, and to a consecutive term of 5 to 10 years for persons not to possess a firearm.[2] George filed post-sentence motions, which were denied on February 8, 2017. This timely appeal followed.

_____

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

**Commonwealth v. George**. No. 858 EDA 2017, unpublished memorandum at 6 (Pa.Super. filed April 6, 2018).

This Court affirmed Appellant's judgment of sentence on April 6, 2018. **See supra**. The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on August 21, 2018. **Commonwealth v. George**, 648 Pa. 160, 191 A.3d 1285 (2018). Appellant did not seek discretionary review in the United States Supreme Court following our Supreme Court's August 21, 2018, denial of his petition for allowance of appeal.

Appellant filed a PCRA petition *pro se* on February 28, 2019, and on March 4, 2019, the PCRA court appointed counsel. On September 3, 2019, new counsel entered his appearance on behalf of Appellant, and counsel filed Appellant's Amended PCRA petition on May 19, 2020. On August 18, 2020, the PCRA court issued its notice to dismiss Appellant's PCRA petition without

_____

[2] 18 Pa.C.S.A. §§ 6106(a)(1) and 6105(a)(1), respectively.

a hearing, and the court denied Appellant's petition without a hearing in its Order entered on October 5, 2020.

On October 29, 2020, Appellant timely appealed the PCRA court's Order. The PCRA court directed Appellant to file a concise statement of matters complained of on appeal, and on October 29, 2020, Appellant filed his "Concise Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)" wherein he raised the following five claims:

> 1. The Trial Court erred in denying [Appellant] an evidentiary hearing to offer proof of the Commonwealth's failure to disclose the deal offered to the Commonwealth's witness, Danielle Raffole,[3] whereby she would receive a lenient sentence for felony crimes pending against her, in return for cooperating with the Commonwealth, as this offer, which would have impacted on her credibility and could have made a difference in the outcome of the jury verdict.
>
> 2. The Trial Court erred in denying [Appellant] an evidentiary hearing to offer proof of the Commonwealth's witness Danielle Raffole was not credible, especially where the evidence clearly indicated that the firearm recovered by the police was owned and possessed by Commonwealth witness Danielle Raffole.
>
> 3. The Trial Court erred in denying [Appellant] an evidentiary hearing to offer forensic and expert evidence that neither [Appellant's] fingerprints nor D.N.A. [was] on the firearm and therefore could not possess the firearm as alleged, under the circumstances in the case and could have ultimately led to a reasonable doubt and acquittal in [Appellant's] criminal case where he was charged with possession of a [sic].[4]
>
> 4. There was insufficient evidence, as a matter of law, to support the verdict.

---

3 The proper spelling of the witness's surname name is Raffle.
4 This allegation ended mid-sentence.

5. The verdict was against the law and the weight of the evidence. For all of the foregoing reasons, [Appellant] respectfully complains of these issues on appeal and requests that the Court reverse the order denying his pro se PCRA Petition.

Concise Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), 10/29/20, at ¶¶ 1-5. The PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on July 8, 2021. Therein, the court rejected each of the aforementioned claims on its merits.

In his Brief, Appellant presents the following Statement of Questions Presented:

1. Whether the Commonwealth failed to disclose to [Appellant], prior to trial, [a] deal between itself and Danielle Raffole, Commonwealth witness- that in return for cooperation Commonwealth would withdraw felony charges against her and agree to a lenient sentence/disposition of her criminal charges, in violation of his rights under **Brady v. Maryland**, 373 U.S. 83 (1963).

2. Whether [Appellant's] trial counsel was ineffective for failure to investigate the criminal background of the key Commonwealth eyewitness, Danielle Raffole, who offered uncorroborated [sic] testimony that [Appellant] possessed [a] firearm in [the] *case sub judice*, that would have revealed Ms. Raffole's prior crimen falsi convictions which would have been foundation for impeaching her credibility and changed the outcome of the case in favor of [Appellant]?

3. Whether [Appellant's] trial counsel was ineffective for filing a motion to suppress [Appellant's] Mirandized statement, then inexplicably withdrawing it prior to trial, without [Appellant's] permission, knowledge and consent, where [Appellant] sought to challenge the knowing voluntary and intelligent aspects of his purported statements to Chester Police Officer William Carey.

4. Whether [Appellant's] trial counsel was ineffective for failing to call forensic and expert witness[es] who would have testified that neither [Appellant's] fingerprints nor D.N.A. were on the firearm and therefore, [Appellant] could not have possessed the firearm, which would have directly contradicted the Commonwealth's evidence and Officer William Carey's testimony, which would have changed the outcome of the case in favor of [Appellant]?

5. Whether [Appellant's] trial counsel was ineffective for allowing Officer William Carey to testify to matters which were irrelevant and prejudicial at his trial, without objection, which ultimately lead or contributed to his conviction?

Brief for Appellant at 4.

This Court reviews the grant or denial of PCRA relief by determining whether the PCRA court's ruling is supported by the record and free of legal error. ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018), *appeal denied*, 650 Pa. 643, 193 A.3d 436 (2019).

A PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. Specifically, a PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1).

If, however, the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved

in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Paddy***, 609 Pa. 272, 291, 15 A.3d 431, 442 (2011) (internal quotations and citations omitted).

Before we reach the merits of the questions Appellant presents, we must determine whether he has preserved them for our review. A comparison of both his concise statement of matters complained of on appeal and his appellate brief evinces that Appellant develops a theory on appeal regarding a ***Brady*** violation that differs from that which he raised before the trial court. Specifically, while Appellant calls into question Danielle Raffle's credibility in his concise statement, he never alleged therein that the Commonwealth's failure to disclose an alleged prior deal between it and Raffle violated his constitutional rights under ***Brady***. It is the latter, new theory that Appellant presents in the first issue of his appellate brief.

It is well-settled that issues not included in a court-ordered concise statement are deemed waived on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Commonwealth v. Jones,*** 191 A.3d 830, 834-35 (Pa.Super. 2018) (waiving defendant's challenge to identification testimony on appeal under different theories than those previously raised in concise statement because trial court did not have opportunity to review those theories); ***Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa.Super. 2006) (citing ***Commonwealth v. Gordon***, 528 A.2d 631, 638 (Pa.Super. 1987), *appeal*

*denied*, 517 Pa. 621 (1988) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.")). Accordingly, because Appellant develops an argument in support of this newly raised theory, it is waived.

Notwithstanding, even were we to deem Appellant's allegation of a **Brady** violation to be preserved for our review, we note that this issue could have been raised at trial and/or on direct appeal. Thus, it is not cognizable under the PCRA. 42 Pa.C.S.A. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding"). As the Pennsylvania Supreme Court has held:

> Appellant makes no attempt to argue to the contrary, he does not explain why prior counsel could not have uncovered the alleged violations with reasonable diligence, and he provides no indication as to when or how he first became aware of the alleged **Brady** violations. Accordingly, this issue is waived for that reason as well. **See Commonwealth v. Chmiel**, 612 Pa. 333, 365, 30 A.3d 1111, 1129–30 (2011) (concluding that the appellant's **Brady** claim concerning an alleged deal between the prosecutor and two material witnesses was waived for failure to have raised it in an earlier proceeding).

**Commonwealth v. Roney**, 622 Pa. 1, 25, 79 A.3d 595, 609 (2013).[5]

---

[5] In denying relief on the theory Appellant set forth in his concise statement, the PCRA court agreed with the Commonwealth that Appellant had failed to establish that the Commonwealth had withheld any evidence with respect to

*(Footnote Continued Next Page)*

Appellant's remaining issues present various claims of ineffective assistance of counsel. However, none of these claims were presented in Appellant's concise statement of matters complained of on appeal. In fact, Appellant made no allegations of ineffective assistance of counsel in his concise statement at all.

This Court and our Supreme Court consistently have ruled that where the trial court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. *See supra*; *see also Commonwealth v.*

_____

Raffle and that this issue had been addressed at trial. In doing so, the PCRA court reasoned as follows:

> The Trial Court did not err in denying [Appellant] an evidentiary hearing to offer proof of the Commonwealth's failure to disclose the deal offered to the Commonwealth's witness because the issue was brought up during the trial proceedings.
>
> During the trial a potential "deal" was brought up by the Commonwealth during the direct examination of Danielle Raffle. N.T. 3/30/16, p. 82-85. On direct she was asked questions about a deal existing, and she denied that a deal of any type existed between her and the Commonwealth. *Id*. [Appellant's] trial counsel attempted to impeach Ms. Raffle during cross-examination. N.T. 3/30/16, p. 104-106. Ms. Raffle stayed consistent, and indicated that there was no deal between the Commonwealth and her for a more lenient sentence.
>
> The record established that this issue was fully explored at trial. There is no genuine issue of material fact regarding this issue.

PCRA Court Opinion, filed 7/8/21, at 2-3.

***Bullock***, 948 A.2d 818, 823 (Pa.Super. 2008) (citing ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998)); ***Commonwealth v. Oliver***, 946 A.2d 1111, 1115 (Pa.Super. 2008) (noting that ***Lord*** "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement"). In ***Commonwealth v. Castillo***, 888 A.2d 771, 775 (Pa. 2005), our Supreme Court explained that mandatory waiver of all claims that do not strictly adhere to Rule 1925(b)'s requirements "provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply." ***See id.*** at 779-80.

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues the parties plan to raise on appeal. The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. ***Commonwealth v. Lemon***, 804 A.2d 34, 36 (Pa.Super. 2002). Thus, Rule 1925 is a crucial component of the appellate process. ***Id.*** at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa.Super. 2001).

Furthermore, claims that are not raised before the trial court are waived. ***See Commonwealth v. Lopata***, 754 A.2d 685, 689 (Pa.Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal."). Moreover, "[e]ven if the trial court correctly guesses the issues [an] [a]ppellant raises on appeal and writes an

opinion pursuant to that supposition the issue is still waived."
***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa.Super. 2002).

Importantly, the PCRA court's Rule 1925(a) Opinion herein addresses only the five issues Appellant raised in his Concise Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The fact that the PCRA court neither acknowledged nor considered the novel theories of ineffective assistance of counsel for relief in that Opinion evinces that Appellant did not present them for its review. Accordingly, we conclude that because Appellant raises these ineffective assistance of counsel claims for the first time in his appellate brief, they are waived.

In addition, because Appellant does not develop arguments in his appellate brief in support of the second through fifth claims he presented in his concise statement of matters complained of on appeal, these issues are waived for lack of development. ***Commonwealth v. Hardy***, 918 A.2d 766 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (explaining it is an appellant's duty to present arguments that are sufficiently developed for our review; appellate brief must support claims with pertinent discussion, with references to record and with citations to legal authorities; this Court will not act as counsel and will not develop arguments on behalf of appellant; when defects in brief impede our ability to conduct meaningful review, we may dismiss appeal entirely or deem certain issues waived).

Furthermore, even if Appellant had developed arguments in his appellate brief to support his challenges to the evidence presented at trial along with the sufficiency of and the weight to be given to such evidence, claims that he set forth in his concise statement, these issues could have been raised on direct appeal. As such, we would these issues waived for this reason as well. **See supra**.

In fact, this Court considered and dismissed Appellant's challenge to the sufficiency of the evidence as to both of his convictions on direct appeal. **Commonwealth v. George**. No. 858 EDA 2017, unpublished memorandum at 2-3 (Pa.Super. filed April 6, 2018). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). Therefore, even if not waived, this claim has been previously litigated.

Significantly, as part of the analysis of the sufficiency of the evidence claim, this Court also suggested that a challenge to the weight of the evidence would fail as well (stating "[Appellant] claims that Raffle's testimony is self-serving. We note this argument goes to the weight rather than the sufficiency of the evidence. The jury, sitting as the factfinder, "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Ramtahal**, 33 A.3d at 609 (citation omitted)."). **Id**.

In light of the foregoing, we find Appellant has waived the issues he presented in his appellate brief and affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing. ***See Commonwealth v. Williams***, 73 A.3d 609, 617 n.4 (Pa.Super. 2013) ("This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis.").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>4/14/2022</u>